IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WASHINGTON NATIONAL OPERA,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | Case No. 26-864 C<br>(Judge Meriweather) |

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations in this paragraph constitute plaintiff's argument, characterization of its case, and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, denies.

2. Admit that the John F. Kennedy Center for the Performing Arts (Center) and the Washington National Opera, Inc. (WNOI) have had a contractual relationship since January 2011. The remaining allegations in this paragraph constitute plaintiff's characterization of its case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, denies.

3. Denies.

4. Admits that WNOI requested approximately $17 million from the Center. Denies the remaining allegations in this paragraph.

5. Admits that the Center has received gifts and contributions over the years. Denies the remaining allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

6. Admits that the Center has not paid WNOI the approximately $17 million that it requested. Denies the remaining allegations in this paragraph.

7. The allegations in this paragraph constitute plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, denies.

8. The allegations in this paragraph constitute conclusions of law to which no response is required.

9 The allegations in this paragraph constitute conclusions of law to which no response is required.

10. The allegations in this paragraph constitute conclusions of law to which no response is required.

11. Denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

12. Admits.

13. Denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

14. Denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

15. Denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

16. Denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

17. Denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

18. Admits.

19. Denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

20. Admits.

21. Admits that WNOI and the Center entered into an agreement in January 2011 (the 2011 Agreement). Admits that WNOI has continued to exist as a separate nonprofit corporation with its own Board of Trustees since January 2011. Admits the remaining allegations in this paragraph to the extent unambiguously supported by the 2011 Agreement cited; otherwise denies.

22. Admits the allegations in this paragraph to the extent unambiguously supported by the January 2011 Agreement cited; otherwise denies.

23. Admits that WNOI and the Center entered into a new agreement in February 2024 (the 2024 Agreement). Admits the remaining allegations in this paragraph to the extent unambiguously supported by the 2024 Agreement cited; otherwise denies.

24. Admits the allegations in this paragraph to the extent unambiguously supported by the 2024 Agreement cited; otherwise denies.

25. Admits the allegations in this paragraph to the extent unambiguously supported by the 2024 Agreement cited; otherwise denies.

26. Admits the allegations in this paragraph to the extent unambiguously supported by the 2024 Agreement cited; otherwise denies.

27. Admits the allegations in this paragraph to the extent unambiguously supported by the 2024 Agreement cited; otherwise denies.

28. The allegations in this paragraph constitute plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, denies.

29. Admits the allegations in this paragraph to the extent unambiguously supported by the 2024 Agreement cited; otherwise denies.

30. Admits the allegations in this paragraph to the extent unambiguously supported by the 2024 Agreement cited; otherwise denies.

31. Admits the allegations in this paragraph to the extent unambiguously supported by the 2024 Agreement cited; otherwise denies.

32. Admits that the Center prepared annual audited financial statements. Admits the remaining allegations in this paragraph to the extent unambiguously supported by the 2024 Agreement cited; otherwise denies.

33. Admits the allegations in this paragraph to the extent unambiguously supported by the 2024 Agreement cited; otherwise denies.

34. Admits the allegations in this paragraph to the extent unambiguously supported by the 2024 Agreement cited; otherwise denies.

35. Admits the allegations in this paragraph to the extent unambiguously supported by the 2011 and 2024 Agreements cited; otherwise denies.

36. Admits the allegations in this paragraph to the extent unambiguously supported by the 2024 Agreement cited; otherwise denies.

37. Denies.

38. Denies.

39. Denies the allegations in the third sentence of this paragraph for lack of knowledge or information sufficient to form a belief as to their truth. Denies the remaining allegations in this paragraph.

40. The allegations in the first sentence of this paragraph constitute plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, denies. Denies the allegations in the second sentence in this paragraph. Denies the allegations in the third and fourth sentences of this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

41. Denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

42. Denies.

43. Admitted that the Center's leadership instituted new "net-neutral" policy across the organization and its affiliates to institute fiscal responsibility across the departments. The remaining allegations in this paragraph constitute plaintiff's characterization of its case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, denies.

44. The allegations in this paragraph constitute plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, denies.

45. The allegations in this paragraph constitute plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, denies.

46. Denies.

47. Admits that the Center's then-President asked whether WNOI would be open to an early amicable termination of the 2024 Agreement. Denies the allegations in the second

sentence of this paragraph. Admits the allegations in the third sentence of this paragraph. Denies the allegations in the fourth sentence of this paragraph. Denies the allegations in the fifth sentence to the extent that "[t]o the contrary" refers to allegations in the fourth sentence; otherwise admits the allegations in the fifth sentence of this paragraph.

48. Admits that discussions between the parties did not result in an amicable termination; otherwise denies.

49. Admits the allegations in this paragraph to the extent unambiguously supported by the email cited; otherwise denies.

50. Denies the allegations in the first sentence of this paragraph for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations in the second sentence of this paragraph to the extent unambiguously supported by the letter cited; otherwise denies.

51. Admits the allegations in this paragraph to the extent unambiguously supported by the letter cited; otherwise denies.

52. Admits that the Center removed WNOI's access to the Center's electronic systems and physical spaces. Admits that the Center terminated certain Center employees whose positions were solely tied to WNOI activities and operations. Admits that the Center removed references to WNOI from the Center's website. Denies the remaining allegations in the first sentence of this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

53. Admits the allegations in this paragraph to the extent unambiguously supported by the documents cited; otherwise denies.

54. Admits the allegations in this paragraph to the extent unambiguously supported by the letter cited; otherwise denies.

55. Admits that WNOI returned equipment and coordinated the transfer of property; otherwise denies the allegations in the first sentence of this paragraph. Admits the allegations in the second and third sentences of this paragraph to the extent unambiguously supported by the document cited; otherwise denies.

56. Admits that WNOI began paying rent on facilities it was exclusively occupying and that WNOI agreed to pay its share of its own employees' health benefits. Denies the remaining allegations in this paragraph.

57. Denies.

58. Denies.

59. Admits the allegations in this paragraph to the extent unambiguously supported by the resolution cited; otherwise denies.

60. Denies the allegations in the first sentence of this paragraph. Admits the remaining allegations in this paragraph to the extent unambiguously supported by the document cited; otherwise denies.

61. Denies.

62. Denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

63. Denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

64. Denies.

65. Denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

66. Denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

67. Denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

68. Defendant denies the allegation in the first sentence of this paragraph. Denies the remaining allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

69. Denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

70. Denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

71. Denies.

72. Denies.

73. Admits the allegations in this paragraph to the extent unambiguously supported by the letter cited; otherwise denies.

74. Denies.

75. Admits that a January 26, 2026 meeting took place and that the meeting participants discussed disaffiliation issues other than financial issues. Admits that WNOI requested a follow-up meeting to discuss financial data. Denies the remaining allegations of this paragraph 75.

76. Admits.

77. Admits that WNOI requested financial data ahead of a February 3, 2026 meeting and that WNOI provided its own accounting. Denies the remaining allegations of this paragraph.

78. Admitted that a February 3, 2026 meeting was attended by the listed individuals. Admits that the Center advised WNOI of the Center's intent to engage a third-party accounting firm and that its figures would be different from those provided by WNOI. Denies the remaining allegations of this paragraph.

79. Denies.

80. Admits that WNOI requested that the Center provide an accounting in the month of February 2026 and that the Center did not provide one in February 2026. Denies the remaining allegations in this paragraph.

81. Admits the allegation in the first sentence of this paragraph that the Center's Board appointed Matt Floca as its new COO and Executive Director. Admits the allegations in the fifth sentence of this paragraph that WNOI renewed its request and provide an accounting. Denies the remaining allegations of this paragraph.

82. Admits the allegations in this paragraph to the extent unambiguously supported by the document cited; otherwise denies.

83. Admitted that the Center responded and that an April 7, 2026 meeting was attended by senior executives, WNO's Board President, the Center's in-house and outside counsel, and representatives from BDO. Denies the remaining allegations of this paragraph.

84. Admits the allegations in the first, second, and third sentences in this paragraph to the extent unambiguously supported by the document cited; otherwise denies. Admits that an April 20, 2026 meeting took place. Denies the remaining allegations of this paragraph.

85. Admits.

86. Admits the allegation in the second sentence of this paragraph that the parties represented by outside counsel met with BDO on May 13, 2026. Admits the allegation in the sixth sentence of this paragraph that the Center did not engage in a process for selecting a mediator. Denies the remaining allegations in this paragraph.

87. Denies.

88. Defendant's responses to paragraphs 1 through 87 of the complaint are incorporated by reference.

89. Admits that WNOI was a party to the 2024 Agreement with the Center. Admits the allegations in this paragraph to the extent unambiguously supported by the 2024 Agreement cited; otherwise denies.

90. Denies.

91. Admits the allegations in this paragraph to the extent unambiguously supported by the 2024 Agreement cited; otherwise denies.

92. Admits the allegations in this paragraph to the extent unambiguously supported by the 2024 Agreement cited; otherwise denies.

93. Denies.

94. Denies.

95. Denies.

96. Denies each and every allegation not previously admitted or otherwise qualified.

97. Deny that plaintiffs are entitled to the relief set forth in the prayer for relief immediately following paragraph 95 of the complaint, or to any relief whatsoever.

AFFIRMATIVE DEFENSES

1. WNOI's claims are barred, in whole or in part, because the 2024 Agreement has not been terminated in accordance with its terms. There are two ways that the 2024 Agreement may be terminated, and neither has occurred: (1) the contract term may expire in February 2031 after a party sends a timely non-renewal notice and the parties do not enter into a new affiliation agreement, *see* 2024 Agreement §§ 12.1 and 12.2; or (2) the parties agree in writing to amend and terminate the 2024 Agreement sooner, *see id.* § 14.3. A termination in accordance with the terms of the 2024 Agreement is a condition precedent to the Center's further performance of any obligations under 2024 Agreement § 12.2. That condition precedent does not exist

2. In the alternative, if the 2024 Agreement were terminated in accordance with its terms, WNOI's claims still would be barred, in whole or in part, because section 12.2 of the 2024 Agreement would require the Center to transfer to WNOI certain "assets" and "liabilities," and the liabilities offset the assets. WNOI's breach of contract and damages theories assume that WNOI would be entitled to certain assets pursuant to section 12.2 of the 2024 Agreements without regard for WNOI's liabilities upon contract termination. WNOI's assumption is not consistent with the terms of the 2024 Agreement.

3. Plaintiff's claims are barred, in whole or in part, because any nonperformance by the Center is excused by WNOI's conduct, which repudiated further performance or otherwise breached its obligations under the 2024 Agreement.

COUNTERCLAIM

1. Defendant incorporates the allegations in defendant's affirmative defenses. As set forth above, the 2024 Agreement has not been terminated in accordance with its terms. In the alternative, if the 2024 Agreement were terminated in accordance with its terms, (a) section 12.2

of the 2024 Agreement would require the Center to transfer to WNOI certain "assets" and certain "liabilities," (b) WNOI would be contractually obligated to pay the Center an amount reflecting the extent to which these liabilities exceed the assets; and (c) WNOI would be in breach of the contract because it has not made such a payment. On information and belief, those liabilities exceed the assets by at least $4 million.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

BRANTLEY T. MAYERS
Counsel to the Assistant Attorney General

PATRICIA M. McCARTHY
Director

ALBERT S. IAROSSI
Assistant Director

s/ Douglas G. Edelschick
DOUGLAS G. EDELSCHICK
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-9303

Attorneys for Defendant

Of Counsel:

ELLIOT BERKE
General Counsel
John F. Kennedy Center for the Performing Arts
2700 F St., N.W.
Washington, DC 20566

October 13, 2026