**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| WASHINGTON NATIONAL OPERA,<br><br>*Plaintiff and Counterclaim-Defendant,*<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant and Counterclaim-Plaintiff.* | Case No. 26-864 C<br>(Judge Robin M. Meriweather) |

**<u>PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM</u>**

Plaintiff the Washington National Opera ("WNO"), by and through its undersigned counsel, submits this Answer and Affirmative Defenses to the Counterclaim of the United States, acting through the John F. Kennedy Center for the Performing Arts (the "Kennedy Center"):

**ANSWER TO COUNTERCLAIM**

1. WNO denies the allegations contained in paragraph 1 of the Counterclaim. The Kennedy Center's allegation that the 2024 Agreement has not been terminated is belied by the facts, including without limitation then-President Richard Grenell's public statement on January 9, 2026, that the Kennedy Center had made the decision to end its exclusive partnership with WNO, the Kennedy Center's verbatim repetition of that statement in its January 13, 2026, letter to WNO, the Kennedy Center Board of Trustees' vote on March 16, 2026, to conduct an orderly termination of the 2024 Agreement and separation from WNO, and the Kennedy Center's affirmative steps to dismantle and unwind the parties' relationship as alleged in the complaint. Moreover, in the alternative, if the 2024 Agreement were not terminated, then the Kennedy Center would be in ongoing breach of numerous provisions of the 2024 Agreement, including without limitation its obligations to (a) provide WNO with programmatic staff and administrative and

operational support under Article II, given its failure to staff key positions, termination of WNO staff, and denial of WNO's access to workplaces and electronic systems, as alleged in the complaint; (b) contribute $2.75 million to WNO each fiscal year, given the Kennedy Center's repudiation of all financial obligations and contributions to WNO; (c) provide WNO with its draw from the WNO Endowment Fund and WNO Board Special Revenue Fund; and (d) maintain and use WNO's financial assets exclusively for WNO's benefit, given the Kennedy Center's apparent use of those assets to support its own operations. WNO also denies that Section 12.2 of the 2024 Agreement requires WNO to pay the Kennedy Center any alleged excess of liabilities over assets, and denies that WNO is in breach of the 2024 Agreement.

## AFFIRMATIVE DEFENSES

WNO asserts the following affirmative defenses with respect to the Counterclaim without assuming the burden of proof or persuasion where such burden rests on the United States. WNO reserves the right to supplement, amend, or add additional affirmative defenses that may be discovered or become relevant in the future.

### FIRST AFFIRMATIVE DEFENSE
### (Prior Material Breach / Repudiation)

The Counterclaim is barred, in whole or in part, because the Kennedy Center materially breached and/or repudiated the 2024 Agreement before WNO's alleged nonperformance, including without limitation by failing to provide required services, financial information, and contractual credits, as set forth in Plaintiff's complaint.

### SECOND AFFIRMATIVE DEFENSE
### (Prevention or Hindrance of Performance)

The Counterclaim is barred, in whole or in part, because the Kennedy Center prevented or hindered any performance allegedly owed by WNO, including without limitation by

withholding financial records necessary to determine the parties' respective obligations as set forth in Plaintiff's complaint.

**THIRD AFFIRMATIVE DEFENSE**
**(Payment, Satisfaction, and Contractual Credits)**

The Counterclaim is barred, in whole or in part, to the extent the alleged liabilities have been paid, satisfied, or otherwise covered by applicable revenues, contributions, or contractual credits, or consist of charges or expenses for which WNO bears no contractual responsibility. Section 7.5 of the 2024 Agreement requires the Kennedy Center to credit back specified internal charges and allocated expenses, which cannot properly form the basis of a debt owed by WNO.

**FOURTH AFFIRMATIVE DEFENSE**
**(Recoupment and Setoff)**

Any recovery on the Counterclaim must be reduced, in whole or in part, by amounts the Kennedy Center owes WNO arising from the same contractual relationship, including without limitation amounts improperly withheld from WNO and damages resulting from the Kennedy Center's breaches of the 2024 Agreement, as set forth in Plaintiff's complaint.

**FIFTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

The Counterclaim is barred, in whole or in part, by estoppel because the Kennedy Center's representations and conduct induced WNO reasonably to rely to its detriment, including without limitation by assuming obligations and taking steps to unwind the affiliation in reliance on the Kennedy Center's statements and directions confirming its termination, as set forth in Plaintiff's complaint.

Respectfully submitted,

By /s/ *Daniel A. Cantor*

Daniel A. Cantor (D.C. Bar No. 457-115)
Ian S. Hoffman
Hannah M. Beiderwieden
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999
Daniel.Cantor@arnoldporter.com
Ian.Hoffman@arnoldporter.com
Hannah.Beiderwieden@arnoldporter.com

*Attorneys for Plaintiff and Counterclaim-Defendant*

Dated: November 3, 2026